UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| THE MEDICAL PROTECTIVE COMPANY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:15-CV-322 |
|  | ) |  |
| CHARLES A. BOLICK, M.D., *ET AL.* | ) |  |
|  | ) |  |
| Defendants. | ) |  |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on two Motions to Dismiss: (1) David C. Beckner, M.D. and Cardiovascular Associates, P.C.'s[1] Motion to Dismiss, [Doc. 82], and (2) Defendant Charles Bolick, M.D. and Holston Medical Group, P.C.'s Motion to Dismiss, [Doc. 85], (collectively defendants). The plaintiff, The Medical Protective Company, filed a consolidated Response, [Doc. 92], and the defendants replied, [Docs. 93 and 94]. The matter is ripe for review. For the reasons that follow, the motions are GRANTED.

The background is mostly set forth in a prior Memorandum Opinion in this case filed by the United States District Court for the Western District of Virginia. It states:

---

[1] The Amended Complaint, [Doc. 50], named Wellmont Cardiology Services. The Court granted a motion to substitute Cardiovascular Associates, P.C. for Wellmont Cardiology Services, [Doc. 58], on July 14, 2015. In the same Order, Wellmont Health System d/b/a Wellmont Bristol Regional Medical Center was dismissed without prejudice. At no point thereafter was The Heart Center Associates, Inc. substituted for Cardiovascular Associates, P.C. The docket entry for the Motion to Dismiss, [Doc. 82], lists that the motion is filed on behalf of Dr. Beckner and Cardiovascular Associates, P.C. However, in the body of the Motion and Memorandum, it states they are on behalf of Dr. Beckner and The Heart Center Associates. This is also the case with the Reply, [Doc. 93], as well. The Heart Center Associates is not a party to this suit according to the current state of the record. The Court will treat the Motion as being filed on behalf of Cardiovascular Associates, P.C. as that entity was properly substituted in Document 58. Likewise, the Court will treat this entity as the entity through which Dr. Beckner provides medical services as this was what was stated in paragraph 6 of the Complaint as amended by Document 58.

> The underlying action involved claims for medical malpractice brought by the estate of Debra Jean Frazier, in a case captioned *Richard Frazier v. Johnston Memorial Hospital, Inc.*, Case No. 07-1353, in the Circuit Court for Washington County, Virginia (the Malpractice Case). (Dkt. No. 50, Am. Compl. ¶ 10.) After a September 2013 bench trial, the court in the Malpractice Case found that Steven K. Brandy, M.D., was negligent in his care of Ms. Frazier because he failed to timely diagnose her lung cancer and that Johnston Memorial was liable for his negligence. (*Id.* ¶¶ 10–11.) The judge awarded Frazier's estate a total of $1.2 million ($940,000 plus prejudgment interest at the statutory rate of 6%) and entered a judgment in that amount against Johnston Memorial. (*Id.* ¶¶ 10, 23.) Johnston Memorial's insurer, Medical Protective, satisfied the judgment. (*Id.* ¶ 23.)
>
> Roughly a year later, in August 2014, Medical Protective, as Johnston Memorial's subrogee, brought this case seeking contribution and indemnification for the judgment against Johnston Memorial. (Dkt. No. 1.) There are four defendants named in the amended complaint who remain in the case: (1) Charles Bolick, M.D., (2) Holston Medical Group, (3) David Beckner, M.D., and (4) Cardiovascular Associates, P.C. (Dkt. No. 50.)1 Dr. Bolick provides services through Holston, and Dr. Becker provides service through Cardiovascular Associates.
>
> In its amended complaint, Medical Protective alleges that Drs. Bolick and Beckner, like Dr. Brandy, were negligent in their care of Frazier. It thus claims that they, too, are liable for the damages awarded to Frazier's estate, as are their employers. All defendants have moved to dismiss Medical Protective's complaint. (Dkt. Nos. 51, 52.)

[Doc. 62, pg. 2].

This previous Memorandum Opinion decided that the Eastern District of Tennessee was the proper venue for the case. Therefore, that court transferred the case to this Court. That court denied without prejudice the remaining requests for relief in those motions to dismiss and stated those claims could be reasserted here.

The defendants have now reasserted their arguments before this Court in the instant Motions to Dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, they argue that (1) the plaintiff's action is barred by the applicable statutes of

2

limitations, see Tenn. Code Ann. §§ 29-26-116(a)(1), 29-11-104(c); (2) the plaintiff's action is barred by the applicable statute of repose, see Tenn. Code Ann. § 29-26-116(a)(3); (3) the plaintiff failed to comply with the pre-suit requirements of the Tennessee Health Care Liability Act, see Tenn. Code Ann. § 29-26-121(a), and the Amended Complaint cannot and does not contain the requirements of Tenn. Code Ann. § 29-26-121 (b) or Tenn. Code Ann. § 29-26-122; (4) the Amended Complaint fails to state a claim upon which relief may be granted for contribution pursuant to Tennessee Code Annotated section 29-11-101, *et. seq*.; and (5) the Amended Complaint fails to state a claim upon which relief may be granted for indemnity inasmuch as a joint tortfeasor is not entitled to indemnity.

To decide these five issues, the Court must first determine whether Tennessee or Virginia law applies.[2] The parties agree that in making this decision, the Court looks to Tennessee law. Tennessee uses the Restatement (Second) approach to choice of law for torts, and applies the law of the state with the "most significant relationship to the occurrence and the parties." *Hataway v. McKinley*, 830 S.W. 2d 53, 59 (1992); Restatement (Second) of Conflict of Laws (1971). To make this determination, the court considers:

> (1) The place where the injury occurred;
>
> (2) The place where the conduct causing the injury occurred;
>
> (3) The domicile, residence, nationality, place of incorporation and place of business of the parties, and;
>
> (4) The place where the relationship, if any, between the parties is centered.

*Id*.

---

[2] Even after determining what law applies, the Court need not address all issues raised. Some issues are dispositive, obviating the need to address all arguments.

The Court concludes that these factors weigh in favor of applying Tennessee law.  It is worth noting that the United States District Court for the Western District of Virginia already found that Tennessee has the most significant relationship to this litigation for venue purposes.  Although that court decided a different issue, the court's reasoning is persuasive on this issue as well and is adopted here.

As to the factors, the plaintiff argues that factors one and two weigh in favor of applying Virginia law because the injuries occurred in Virginia.  Specifically, the plaintiff argues that the "primary injury" is the payment of the verdict, which occurred in Virginia.  The "secondary injury," it argues, involves the money owed to the decedent due to defendants' medical malpractice, which it contends took place in Virginia and Tennessee.  While it is true that the plaintiff paid the insurance claim in Virginia, which causes the first factor to weigh slightly in the plaintiff's favor, the injury for which the defendant seeks contribution and/or indemnification is the alleged failure of the defendants to diagnose Frazier's medical condition.  To this extent, the injury occurred in Tennessee.  Drs. Beckner and Bolick treated the plaintiff in Tennessee despite the fact that the initial contact with them was made from Virginia while Frazier was in Virginia.  These two factors are split; however, the Court finds that the first factor does not deserve as much weight.  *See Muncie Power Prod., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 876 (6th Cir. 2003).

As to the third factor, all defendants are domiciled or incorporated in Tennessee, and the places of business are in Tennessee.  The plaintiff is an Indiana incorporation with its principal place of business in Indiana.  None of the parties is located in Virginia.  This factor also weighs in favor of applying Tennessee law.

4

To the extent that the fourth factor is applicable, it also weighs in favor of applying Tennessee law. To be sure, the plaintiff and the defendants never had any type of contractual relationship. The plaintiff was merely an insurer for Johnston Memorial Hospital. That hospital's employee contacted the defendants in Tennessee, sent a facsimile to the defendants in Tennessee, and then transferred his patient to Tennessee. Thus, this factor weighs in favor of applying Tennessee law. *See Cooper v. Memphis Area Medical Center for Women, Inc.*, No. 04-2806 MA/V, 2006 WL 2524104, at *1-2 (W.D. Tenn. Aug. 29, 2006).

Now, the Court must turn to the substantive arguments for each claim. The defendants contend that the contribution and indemnification actions are actually healthcare liability actions under the Tennessee Healthcare Liability Act. *See* Tenn. Code Ann. § 29-26-101. The plaintiff argues that they are not. The Court need not determine whether they are or not because even if they are not, they still fail to state a claim upon which relief can be granted.[3]

The plaintiff does not argue that the contribution claim was brought within the applicable statute of limitations period under Tennessee law. Instead, it argues that the action was brought under Virginia's two-year statute of limitations period. However, this Court has determined that Tennessee law applies. The plaintiff failed to address the issue pursuant to Tennessee law. Thus, this Court could consider it a waiver of any opposition to the defendants' position. *See* E.D. Tenn. L.R. 7.2. However, the Court will address it briefly.

Under Tennessee law, section 29-11-104 states:

> (c) If there is a judgment for the injury or wrongful death against the tortfeasor seeking contribution, any separate action by the

---

[3] This Court would have likely concluded that the actions are healthcare liability actions under the THCLA. To be clear, the plaintiff did not go on to address the defendants' arguments that the actions should be dismissed under the THCLA because they fall outside of the statute of limitations and statute of repose and because the plaintiff failed to follow the THCLA's pre-suit notice and certificate of good faith requirements. *See* Tenn. Code Ann. § 29-26-116(a)(1-3); 29-26-121 and -122. "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2.

> tortfeasor to enforce contribution must be commenced within one (1) year after satisfaction of the judgment.
>
> (d) If there is no judgment for the injury or wrongful death against the tortfeasor seeking contribution, the tortfeasor's right of contribution is barred unless the tortfeasor has either:
>
> (1) Discharged by payment the common liability within the statute of limitations period applicable to claimant's right of action against the tortfeasor and has commenced tortfeasor's action for contribution within one (1) year after payment; or
>
> (2) Agreed while action is pending against the tortfeasor to discharge the common liability and has within one (1) year after the agreement paid the liability and commenced tortfeasor's action for contribution within one (1) year of payment.

Tenn. Code Ann. § 29-11-104. The plaintiff alleges that it paid Ms. Frazier's estate pursuant to the judicial ruling and settlement on October 11, 2012. The plaintiff filed this claim on August 19, 2014. Whether viewed as a contribution arising from judgment or one from settlement, this contribution action was filed outside the statute of limitations period. The motions are GRANTED in this regard. Thus, this Court need not address the substantive argument regarding why the contribution claim should be dismissed under Tennessee law.[4]

The Court will now address the only remaining claim, i.e. the claim for indemnification. The plaintiff cites to no authority in arguing that it is entitled to indemnification. It merely contends that "as Defendants' medical care and treatment caused and/or contributed to the decedent's death, Plaintiff seeks indemnification here with respect to the judgment Plaintiff paid to the decedent's estate" for the underlying medical malpractice case to which the defendants were not named as joint tortfeasors.

Under Tennessee law, an obligation to indemnify may arise expressly by contract between the parties or impliedly from the parties' relationship. *Houseboating Corp. of Am. v.*

---

[4] Even so, this Court would have likely held in defendants' favor. *See Smith v. Methodist Hospitals of Memphis*, 995 S.W.2d 584, 588 (Tenn. Ct. App. 1999).

6

*Marshall*, 553 S.W.2d 588, 589 (Tenn. 1977) (citations omitted); *see also Farmers Mut. of Tenn. v. Athens Ins. Agency*, 145 S.W.3d 566, 568 (Tenn. Ct. App. 2004); *Owens v. Truckstops of Am.*, 915 S.W.2d 420, 433 (Tenn. 1996); *Winter v. Smith*, 914 S.W.2d 527, 541-42 (Tenn. Ct. App. 1995). For indemnification to arise expressly by contract, "there must be a clear and unequivocal expression of an intention to indemnify." *First Am. Bank of Nashville, N.A. v. Woods*, 734 S.W.2d 622, 632 (Tenn. Ct. App. 1987) (citations omitted). "Tennessee law provides for implied indemnification only in situations in which the party to whom the loss is to be shifted is at fault or is responsible to a degree that is 'qualitatively different' from the party seeking indemnity." *Id.*; *see, e.g., Winter v. Smith*, 914 S.W.2d 527, 541–42 (Tenn. Ct. App. 1995).

Here, the plaintiff fails to allege any express contractual relationship between the plaintiff and defendants. The Amended Complaint does not allege, and the plaintiff does not argue, that Dr. Bandy or Johnston Memorial Hospital was an intended third-party beneficiary of any relationship between Frazier and these defendants. *Ferguson v. R.W. Fowler and Associates*, 18 Fed. App'x 372 (6th Cir. 2001) (holding that the party seeking indemnification did not have the type of legal relationship with the defendant that "would allow Tennessee's 'traditional principles of indemnity' to 'continue to apply' under *Owens*"). In addition, plaintiff cannot seek implied indemnification, for it is not an innocent party. It was the insurer for a party that was found to have been negligent in treating Frazier; the same negligence it is accusing the defendants of committing. *See Duncan-Williams, Inc. v. Capstone Development*, LLC, 908 F. Supp. 2d 898, 911 (W.D. Tenn. 2012) (ruling based on Alabama law, but observing in dicta that under Tennessee law, plaintiff could not proceed on an indemnity claim based on a judgment of fault against it for its own wrongdoing.); *Hilliard v. SunTrust Bank, Inc.*, No. 3:11-CV-275, 2012 WL 5866227, at *2 (E.D. Tenn. Nov. 19, 2012) (dismissing indemnity claim of broker-dealer

7

against bank because former client's allegations included claims against broker-dealer for its own misdeeds and settlement between broker-dealer and former client distinguished only broker-dealer's claims); *see also Terminal Transp. Co. v. Cliffside Leasing Corp.*, 577 S.W.2d 455, 459 (Tenn. 1979) (joint tortfeasors are not entitled to indemnity). As such, the defendants' motions are GRANTED in this regard.

In sum, for the reasons set forth above, the Motions to Dismiss are GRANTED in that the only two claims, i.e. claims for contribution and indemnification, are DISMISSED.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE